```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                       NORTHERN DIVISION
```

**RALPH SANDERS**                                                                 **PLAINTIFF**

**VS.**                                        **CIVIL ACTION NO. 3:13CV910-HTW-LRA**

**E. J. MITCHELL**                                                                **DEFENDANT**

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

This matter came before the Court for hearing on November 14, 2013, on the Motion to Proceed *In Forma Pauperis* filed in this case by Ralph Sanders ["Plaintiff" or "Sanders"], an adult resident citizen of Dekalb, in Kemper County, Mississippi. Plaintiff has filed a Complaint against E. J. Mitchell, the District Attorney for Kemper County. He contends that Mitchell caused the grand jury to indict him for the sale of crack cocaine based on false evidence and statements. The charges were later dropped, and an Order of Nolle Prosequi was entered in his case on May 1, 2012.

According to Plaintiff's Motion to Proceed *In Forma Pauperis*, his income only consists of food stamps and government assistance, because he lost his job due to these charges. According to Plaintiff, he has "no job, no home, no car, no money." [#5, p. 5].

If only his income and expenses are reviewed, Plaintiff is entitled to proceed without the prepayment of fees. However, 28 U.S.C. §1915(a)(1) does not mandate that the Court grant *in forma pauperis* status, even if the financial indicators suggest it.

Instead, the statute provides that the Court **may** grant permission to proceed without the prepayment of fees, and the Court is granted wide discretion to make that decision. *Flowers v. Turbine Support Div.*, 507 F.2d 1242, 1244 (5th Cir. 1974).

Granting Plaintiff *in forma pauperis* status to proceed with this lawsuit in federal court also permits the Court to dismiss the case at any time if it determines that the Complaint is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2).  This statute applies equally to prisoner and non-prisoner cases. *Newsom v. EEOC*, 301 F.3d 227, 231-33 (5th Cir. 2002).  The reason for permitting early dismissal is clear -- to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).  Thus, the Court is not required to wait until a defendant has been served, at taxpayer expense, and has moved for dismissal; the Court may dismiss a case on its own motion if it falls within the parameters of § 1915(e)(2).  *Id.*

The Plaintiff is prosecuting this case *pro se.*  Therefore, his pleadings must be liberally construed.  *Pena v. United States of America*, 122 F.3d 3, 4 (5th Cir. 1997).  However, it is clear that

2

Plaintiff has sued someone who is immune from civil liability, the district attorney.

Members of the Kemper County District Attorney's Office, acting as criminal prosecutors, "enjoy absolute immunity from claims for damages asserted under § 1983 for actions taken in the presentation of the state's case." *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994). This immunity extends to the "prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process." *Id.* As the Fifth Circuit has clearly stated, the "decision to file or not file criminal charges is protected by prosecutorial immunity." *Quinn v. Roach,* 326 F. App'x 280, 292 (5th Cir. 2009); *see also Oliver v. Collins*, 904 F.2d 278, 281 (5th Cir. 1990)("The decision to file or not file criminal charges falls within this category of acts that will not give rise to section 1983 liability."). Plaintiff disagrees with the prosecutor's decision to initiate criminal charges for sale of crack cocaine and to maintain the criminal prosecution even when evidence to the contrary existed and eventually exonerated him.

However, the undersigned finds the alleged actions taken by the prosecutor in Plaintiff's criminal case, Defendant E. J. Mitchell, to be "intimately associated with the judicial phase of the criminal process," and, therefore, the prosecutor is entitled to absolute immunity from the claims asserted in this § 1983 Complaint.

3

For these reasons, the undersigned recommends that Sanders's Motions to Proceed *In Forma Pauperis* [2 & 5] be **granted,** and that this Complaint be accepted as filed without the prepayment of a filing fee, but dismissed for failing to state a claim on which relief may be granted because Plaintiff seeks monetary relief against a defendant who is immune from such relief.

In accordance with the rules and 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to the recommendations within 14 days after service.  Plaintiff is hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within 14 days after being served with a copy shall bar him, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  28 U.S.C. § 636; *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 19th day of May, 2014.

                        s/Linda R. Anderson
                UNITED STATES MAGISTRATE JUDGE