IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**RALPH SANDERS**                                                                                               **PLAINTIFF**

**VS.**                                                    **CIVIL ACTION NO.: 3:13cv910-HTW-LRA**

**E. J. MITCHELL**                                                                        **DEFENDANT**

## ORDER ADOPTING REPORT AND RECOMMENDATION

This court now adopts the Report and Recommendation [Docket no. 10] of United States Magistrate Judge Linda R. Anderson ("Judge Anderson"). On August 27, 2013, plaintiff Ralph Sanders ("Sanders") filed his complaint [Docket no. 1] against defendant E. J. Mitchell ("Mitchell"), District Attorney for Kemper County, Mississippi. Sanders claimed that Mitchell used false evidence and statements to convince a grand jury to indict Sanders for the sale of crack cocaine. The charges were later dropped and on May 1, 2012, an order of *nolle prosequi*[1] was entered in Sanders' case. On December 6, 2012, Sanders filed a motion for leave to proceed *in forma pauperis*.[2] [Docket no. 2]. On October 30, 2013, Sanders filed an additional motion for leave to proceed *in forma pauperis*. [Docket no. 5]. On November 14, 2013, Judge Anderson, after conducting proceedings on these motions, granted Sanders' motion for leave to proceed *in forma pauperis*. [Docket no. 6]. On May 19, 2014, Judge Anderson produced her Report and Recommendation to this court. [Docket no. 7].

---

[1] *Nolle prosequi* is a legal term of art which translates from Latin to "be unwilling to pursue". This term of art indicates a prosecutor's decision to voluntarily discontinue criminal charges before a trial or before a verdict is rendered.

[2] Title 28 U.S.C § 1915 governs proceedings *in forma pauperis*. § 1915(a)(1) provides, in pertinent part, that:
> [A]ny court of the United States *may* authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

> 28 U.S.C. § 1915(a)(1) (emphasis added).

According to Sanders' motion to proceed *in forma pauperis*, his only form of income consists of receiving food stamps and government assistance, since Sanders lost his job as a result of the charges brought against him. In this motion, Sanders stated that he has "no job, no home, no car, no money." [Docket no. 5, p. 5]. If this court were only to review Sanders' income and expenses, it might be persuaded to grant *in forma pauperis* status; however, the inclusion of the precatory term "may" in 28 U.S.C. § 1915(a)(1) establishes that the decision to grant *in forma pauperis* status is committed to judicial discretion. *Flowers v. Turbine Support Div.*, 507 F.2d 1242, 1244 (5th Cir. 1974).

Should a federal court grant a plaintiff *in forma pauperis* statuts, the court retains the power to dismiss a plaintiff's case, at any time, if the court determines the plaintiff's complaint is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant immune to such relief. 28 U.S.C. § 1915(e)(2). This provision applies equally to prisoner and non-prisoner cases. *Newsom v. EEOC*, 301 F.3d 227, 231-33 (5th Cir. 2002). A court is not required, in this situation, to wait for a defendant to move for dismissal; a court may dismiss a case upon its own motion if the case falls within the parameters of § 1915(e)(2). *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Sanders has sued Mitchell, a district attorney, for Mitchell's alleged decision to initiate criminal charges for sale of crack cocaine and maintain this criminal prosecution in spite of existing evidence to the contrary, evidence which eventually exonerated Sanders. As a district attorney, Mithcell is an official who enjoys "absolute immunity from claims for damages asserted under § 1983 for actions taken in the presentation of the state's case." *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994). Prosecutors are "absolutely immune from liability under § 1983 for their conduct in 'initiating a prosecution and in presenting the State's case,' insofar as

that conduct is 'intimately associated with the judicial phase of the criminal process[.]'" *Cousin v. Small¸* 325 F.3d 627, 631 (5th Cir. 2003) (citations omitted) (quoting *Burns v. Reed*, 500 U.S. 478, 486 (1991)).

This court finds that Mitchell's alleged actions in Sanders' criminal case were "intimately associated with the judicial phase of the criminal process." Prosecutorial discretion "to file or not file criminal charges is protected by prosecutorial immunity." *Quinn v. Roach*, 326 F.Appx. 280, 292 (5th Cir. 2009); *see also Oliver v. Collins*, 904 F.2d 278, 281 (5th Cir. 1990) ("The decision to file or not file criminal charges falls within this category of acts that will not give rise to section 1983 liability.")  Mitchell, therefore, is entitled to absolute immunity from the claims asserted in Sanders' § 1983 complaint. This court finds that Sanders' complaint fails to state a claim on which relief may be granted, affording it the power, under 28 U.S.C. § 1915(e)(2), to dismiss Sanders' complaint.

## CONCLUSION

This court adopts Judge Anderson's Report and Recommendation. [Docket no. 7]. This court endorses Judge Anderson's decision to grant Sanders' motions to proceed *in forma pauperis* [Docket no. 2, 5]. Sanders' complaint, therefore, shall be accepted as filed without the prepayment of a filing fee; nevertheless, Sanders' complaint [Docket no. 1] is dismissed for failing to state a claim on which relief may be granted.

SO ORDERED, this the 23rd day of June 2014.

s/ Henry T. Wingate_____
UNITED STATES DISTRICT JUDGE